UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 11-72-DLB-EBA

GLENN JACKSON                                                          PLAINTIFF

vs.                            <u>MEMORANDUM ORDER</u>

TRAVIS STEELE, et al.                                              DEFENDANTS

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on Plaintiff's objection (Doc. # 34, 35) to the Magistrate Judge's Order (Doc. # 33) excluding Plaintiff's expert witness because the witness' report was untimely disclosed in violation of Federal Rule of Civil Procedure 26(a)(2)(B) and the Court's scheduling order.  Plaintiff has also moved the Court to stay discovery pending its decision on his objection.  (Doc. # 34, 35).  Defendants have not responded to Plaintiff's objection and motion, and the time do so has now passed.  Thus, the matter is ripe for review.  For the following reasons, the Court will **overrule** Plaintiff's objection to the Magistrate Judge's Order and **deny as moot** his motion to stay discovery.

## I.   PROCEDURAL HISTORY

Plaintiff filed this § 1983 action on July 8, 2011, principally alleging that he was subjected to excessive force in violation of the Fourth Amendment.  On May 17, 2012, the Court entered a scheduling order requiring, *inter alia*, that Plaintiff identify any expert witness and provide the witness's report to Defendants on or before January 20, 2013.  (Doc. # 16).  Two days before the disclosure and report were due, Plaintiff moved to extend

1

the deadline. (Doc. # 19). The motion was unopposed (Doc. # 21) and, therefore, granted by the Magistrate Judge. (Doc. # 24). Pursuant to an Amended Scheduling Order, Plaintiff was given until March 20, 2013 to identify his expert witness and provide the expert's report. (*Id.*).

On July 12, 2013, Defendants moved to exclude Dr. George Kirkham as Plaintiff's expert. (Doc. # 28). Defendants acknowledged that Plaintiff disclosed Dr. Kirkham as an expert and provided his curriculum vitae in a timely fashion, but Defendants asserted that Plaintiff had not provided Dr. Kirkham's report by the March 20, 2013 deadline. In fact, Defendants stated that they had not received the report as of the time they filed their motion to exclude Dr. Kirkham as an expert.

Rather than filing a response to Defendants' motion, Plaintiff filed a motion for extension of time to provide the expert report. (Doc. # 29). Because his motion failed to address the arguments raised by Defendants, the Magistrate Judge directly ordered Plaintiff to file a response to the motion to exclude Dr. Kirkham as an expert. (Doc. # 30). Plaintiff responded with a single paragraph explaining why the motion should be denied. (Doc. # 31). Specifically, he stated:

> Comes now the Plaintiff, by and through counsel, and pursuant to the Court's Order and advises the Court that the Plaintiff has submitted his expert's report dated June 16, 2013, from Dr. George L. Kirkham to the Defendants in the above-styled action. As such, there is no prejudice whatsoever.

Thereafter, Plaintiff submitted a supplemental response advising that he had no objection to the Court extending Defendants' expert report deadline to allow the expert to review Dr. Kirkham's report. (Doc. # 32).

In his written Order, the Magistrate Judge denied Plaintiff's motion to extend the expert witness disclosure deadline and granted Defendants' motion to exclude Dr. Kirkham as a witness. (Doc. # 33). The Magistrate Judge concluded that Plaintiff had failed to disclose Dr. Kirkham's report by March 20, 2013 as required by Federal Rule of Civil Procedure 26(a)(2)(B) and the Court's scheduling order. Additionally, the Magistrate Judge concluded that Plaintiff's failure could not be excused under Federal Rule of Civil Procedure 37(c) because he did not provide substantial justification for failing to meet the deadline, nor did he establish that the failure to provide the report was harmless.

Plaintiff now objects to the Magistrate Judge's decision and asks the Court to give the decision *de novo* review. (Doc. # 34, 35). He asserts that the Magistrate Judge erred in concluding his failure to timely disclose Dr. Kirkham's report was neither substantially justified or harmless. He explains that he Dr. Kirkham was unable to complete his report until he had an opportunity to review the transcripts from Defendants' depositions, and suggests—without saying—that this review took place after the disclosure deadline. Additionally, Plaintiff contends that the late disclosure will not impact Defendants' ability to prepare for trial. This is particularly so, Plaintiff asserts, because Defendants have known the subject of Dr. Kirkham's testimony since May 29, 2012, when Dr. Kirkham was identified as an expert. As Plaintiff explains, Defendants should have known from the disclosure that Dr. Kirkham was a criminologist who "would be testifying that the Defendants deviated from property [sic] police techniques and committed extremely serious violations of well established law enforcement standards and procedures." (Doc. # 35 at 5).

## II.  ANALYSIS

### A.    Standard of Review

Plaintiff baldly asserts that this Court must give *de novo* review to the Magistrate

Judge's Order, though he does not explain why.  The Court disagrees.  Pursuant to Federal

Rule of Civil Procedure 72(a), Magistrate Judges are permitted to review *nondispositive*

pre-trial matters and enter a written order stating their decision.  If an objection is timely

raised, the district court then reviews the objection and determines whether the Magistrate

Judge's order is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  Plaintiff

concedes in his objection that the motion to exclude his expert is nondispositive.  (Doc. #

35 at 2-3).  Other courts have agreed with Plaintiff's concession.  *See Wendorf v. JLG*

*Industries, Inc.*, No. 08-cv-12229, 2010 WL 148255, at *1 (E.D. Mich. Jan. 11, 2010)

(holding that motion to exclude expert's testimony is not a dispositive motion); *Nikkal*

*Industries, Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988) (same).  Because

the motion is nondispositive, the Magistrate Judge appropriately entered an Order

adjudicating the motion, and the Order must be reviewed under the "clearly erroneous or

contrary to law" standard.  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(a) (permitting

a magistrate judge to enter an order on all nondispositive pretrial matters).[1]

### B.    Federal Rule of Civil Procedure 37(c)(1)

The Sixth Circuit *requires* trial courts to sanction a party "for discovery violations in

connection with Rule 26(a) unless the violations were harmless or were substantially

---

[1] Although the Court will review the Magistrate Judge's decision to determine whether it was "contrary to law" because that is what the statute and Federal Rules of Civil Procedure require,  the Court notes that its final determination would be the same even if it were to conduct a *de novo* review.

justified." *Sexton v. Uniroyal Chemical Co., Inc.*, 62 F. App'x 615, 616 n. 1 (6th Cir. 2003);

*Dickenson v. Cardiac and Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir.

2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule

37(c)(1) unless non-disclosure was justified or harmless.").  This mandatory requirement

also comes from the plain text of Rule 37(c)(1), which states in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule
> 26(a) or (e), the party *is not allowed* to use that information or witness to
> supply evidence on a motion, at a hearing or at a trial, unless the failure was
> substantially justified or is harmless.

Contrary to Plaintiff's assertion, the phrase "is not allowed" is mandatory language.

The issue for the Court, then, is whether either exception to the mandatory exclusion

rule has been met. Plaintiff has the obligation to justify his failure to timely disclose Dr.

Kirkham's report.  *See Sexton*, 62 F. App'x 615 at  616 n. 1 (finding that the plaintiff failed

to demonstrate that his failure to abide by Rule 26(a) was excusable).  As such, he must

demonstrate that his failure was either "substantially justified or harmless."

## C.   The Magistrate Judge's Order was not contrary to law

### 1.   "Substantially justified"

The Magistrate Judge correctly concluded that Plaintiff failed to show his untimely

disclosure of Dr. Kirkham's report was "substantially justified."   In his response to

Defendants' motion to exclude, Plaintiff offered absolutely no justification whatsoever for

his failure to timely disclose the expert's report.  Rather, Plaintiff only explained that he

provided Defendant's with the report on June 16, 2013, and that "there is no prejudice

whatsoever."  (Doc. # 31 at 1).   This cavalier "no harm, no foul" approach is insufficient to

satisfy the substantial justification standard.

In his objection to the Magistrate Judge's conclusion on "substantial justification," Plaintiff finally attempts to offer an explanation for his untimely failure. He explains that this case involves multiple law enforcement agencies and officers, each of which are represented by different counsel, which has made it difficult to schedule depositions. Additionally, he explains that Dr. Kirkham was unable to complete his report until he was able to review all depositions. To corroborate this assertion, Plaintiff points to a letter he sent to defense counsel dated January 4, 2013 (Doc. # 35-3), in which he attempts to promptly schedule the Defendants' depositions so that his expert will have time to review the deposition transcripts.

However, as previously noted, Plaintiff did not argue to the Magistrate Judge that his failure to timely disclose Dr. Kirkham's report was "substantially justified." Parties are not permitted to raise new arguments to the district court that they failed to present to the magistrate judge. *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). "The Magistrate Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'" *Jones-Bey v. Caruso*, 2009 WL 3644801, at *1 (W.D. Mich. Oct. 30, 2009). Because Plaintiff failed to argue that the untimely disclosure was "substantially justified," he has waived the right to make the argument in his objection.

Plaintiff's waiver notwithstanding, he still loses on the merits. Plaintiff has failed to offer a "substantial justification" for disclosing Dr. Kirkham's report nearly two months after the report was due. Based on the letter, Plaintiff's counsel was obviously aware in early January of 2013 that the expert disclosure deadline was quickly approaching. However, knowing that he had yet to receive his expert's report, counsel still failed to file a motion to

6

extend the deadline to file his expert's report.  Additionally, although the letter shows that Plaintiff attempted to schedule depositions in January, he has not demonstrated when the depositions were actually held, nor has he explained how much time his expert needed to review the deposition transcripts in order to prepare a report.  Without establishing this time line *vis-a-vis* the March 20, 2013 disclosure deadline, Plaintiff has failed to show that he was "substantially justified" in disclosing Dr. Kirkham's report on June 16, 2013—approximately two months after the deadline had passed.   As a result, the Court will overrule Plaintiff's objection to the Magistrate Judge's conclusion that the untimely disclosure of Dr. Kirkham's report was not substantially justified.

### 2.    "Harmless"

The Magistrate Judge also correctly concluded that Plaintiff failed to show that his untimely disclosure was "harmless."   "[T]he advisory committee's note to Rule 37(c) 'strongly suggests that 'harmless' involves (1) an honest mistake on the part of a party (2) coupled with sufficient knowledge on the part of the other party."   *Vaughn v. City of Lebanon*, 18 F. App'x 252, 264 (quoting *Vance v. United States*, No. 98-5488, 182 F. 3d 920, 1999 WL 455435, at *5 (6th Cir. June 25, 1999)).  In his response to the motion to exclude, Plaintiff generally asserted that "there is no prejudice whatsoever."  However, this conclusory assertion does not satisfy either prong of the two-part test.  Plaintiff did not explain that the untimely disclosure was due to an honest mistake, nor did he explain that Defendants had sufficient advance knowledge about the contents of the report.

In his objection, Plaintiff makes two arguments in support of his assertion that the Magistrate Judge erred in his finding on harmlessness.  Neither argument is convincing. First, Plaintiff argues that "[n]either the Magistrate in his Order nor the Defendants in their

7

motion to exclude Kirkham demonstrate how this would unduly cause delay and expense to the Defendant." (Doc. # 35 at 4). This argument is misplaced, though, because it is Plaintiff who has the burden of proving harmlessness, not the Defendants. *See Sexton*, 62 F. App'x 615 at 616 n. 1. Second, Plaintiff argues that "Defendants knew who Kirkham was and basically knew that his testimony would be that the Defendants committed extremely serious violations of well established law enforcemand [sic] standards and procedures on the part of the defendant officers who were involved in this incident." (Doc. # 35 at 4). This argument obviously goes to the second prong of the harmless analysis—sufficient knowledge on the part of the other party. But even if the Court were to accept Plaintiff's argument that Defendants knew the contents of Dr. Kirkham's report, Plaintiff has still failed to offer any argument on the first prong of the harmless analysis—an honest mistake on the part of a party. As a result, Plaintiff has failed to show that the Magistrate Judge's finding was contrary to law.

### D.   Federal Rule of Civil Procedure 16(f)(1)(C)

In addition to the findings on substantial justification and harmlessness, the Court finds that excluding Plaintiff's expert is warranted for a more fundamental reason. Plaintiff's original deadline to disclose his expert and the expert report was January 20, 2013. Recognizing that he was unable to meet that deadline, Plaintiff appropriately moved to extend the disclosure deadline, which the Court granted.     However, Plaintiff failed to meet that *new* deadline by approximately two months. Additionally, he did not move to extend the deadline until *after* Defendants' moved to exclude his expert. This shows a blatant disregard for the Court's scheduling order. And as the Sixth Circuit recognizes, Federal Rule of Civil Procedure 16(f)(1)(C) grants district courts broad discretion to enforce

its scheduling orders. *Estes v. King's Daughters Med. Ctr.*, 59 F. App'x 749, 752 (6th Cir. 2003).

### III.  CONCLUSION

Accordingly, for each of these reasons, **IT IS ORDERED** as follows:

(1)     Plaintiff's Objections (Doc. # 34) to the Magistrate Judge's Order (Doc. # 33) excluding Plaintiff's expert witness, Dr. George Kirkham, are hereby **OVERRULED**;

(2)     Plaintiff shall not be allowed to designate Dr. George Kirkham as an expert witness in this matter;

(3)     Plaintiff's motion (Doc. # 35) to hold discovery in abeyance pending the Court's adjudication of his objection to the Magistrate Judge's Order is hereby **DENIED AS MOOT**; and

(4)     Any dispositive motions shall be filed **not later than Monday, September 23, 2013** (*See* Doc. # 24).

This 26th day of August, 2013.



Signed By:
*David L. Bunning*   *DB*
United States District Judge

G:\DATA\ORDERS\Ashland Civil\2011\11-72 Order overruling Plaintiff's objection to exclusion of expert witness.wpd